NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0097n.06

Case No. 19-2372

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 11, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| IN RE JOHN DOE, | ) | ON PETITION FOR WRIT OF |
|  | ) | MANDAMUS |
| Petitioner. | ) |  |
|  | ) |  |

BEFORE: GILMAN, GIBBONS, and THAPAR, Circuit Judges.

PER CURIAM. John Doe petitions for a writ of mandamus. He claims that the district court misapplied our circuit's mandate in *Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018), and committed legal error by denying him partial summary judgment and granting defendants qualified immunity. Because Doe's claims do not satisfy the requirements for mandamus, we deny the petition.

Mandamus is an extraordinary remedy. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004). To satisfy the test, John Doe must (1) have no other adequate means of obtaining relief, (2) demonstrate a right to issuance that is clear and indisputable, and (3) show that issuance of the writ is appropriate under the circumstances. *Id.* at 380–81. Mandamus is appropriate to remedy a clear abuse of discretion or judicial usurpation of power. *Id.* at 380.

The extraordinary remedy is not appropriate here. Doe challenges a partial denial of summary judgment and a grant of qualified immunity. Even assuming that he is right about his claimed legal error (and that it rises to a *clear* abuse of discretion), Doe can raise those issues on direct appeal. Thus, he is not without remedy, as required for mandamus.

We DENY the petition.